UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARCIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNIVERSITY OF CALIFORNIA AT LOS ANGELES, a public entity; THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; UCLA POLICE DEPARTMENT; and DOES 10 through 20, inclusive, each of whom is sued individually and in their official capacity as police officers for the UCLA Police Department,<br><br>　　　　Defendants. | CASE NO. CV 09-8193-R<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

## **FINDINGS OF FACT**

1. Plaintiff Ramiro Garcia's Complaint for Damages filed on August 20, 2009, alleges that it is an action for deprivation of civil rights under color of law pursuant to Title 42 U.S.C. § 1983. Plaintiff sues Sergeant DeFrancesco under section 1983 for false arrest under the Fourth and Fourteenth Amendments, and sues both DeFrancesco and The Regents of the University of California for negligence pursuant to Government Code section 815.2(a).

2. Plaintiff's driver's license lists him as Ramiro Garcia. Plaintiff's date of birth is March 11, 1962.

3. In January 2008, plaintiff applied at the University of California Los Angeles ("UCLA") for employment as a flooring worker.

4. On February 8, 2008, Sergeant DeFrancesco received a phone call from Investigator Shelby Wright with the Charlotte County Sheriff's office in Punta Gorda, Florida. Wright advised that they had reason to believe that their felony suspect Ramiro Garcia (DOB 3-11-1962) was employed or about to be employed at UCLA.

5. Wright stated that Garcia was wanted in Florida on a $50,000 warrant for Aggravated Battery with a Deadly Weapon. Wright told Sergeant DeFrancesco that they would extradite Garcia from California, and he provided a teletype requesting extradition along with information showing details of an arrest warrant.

6. To follow up on the information Sergeant DeFrancesco had received from Investigator Wright, he confirmed with the UCLA Facilities Management Department that plaintiff Ramiro Garcia had applied for employment as a flooring installer.

7. Plaintiff had the same name, Ramiro Garcia, as indicated on the arrest warrant. He also had the same date of birth, March 11, 1962, and the same race, gender, hair and eye color. The height and weight indicated on the warrant (approximately 5'9" and 187 pounds) were similar but not identical to plaintiff's DMV information (5'6" and 160 pounds).

8. Sergeant DeFrancesco did not have a photograph or fingerprint from the Florida authorities to use for comparison with plaintiff; however, he was informed and believed based on the phone call from Florida officials that the subject of their warrant had applied for work with UCLA

9. After Sergeant DeFrancesco called Facilities Management at UCLA, they agreed to work with the UCLA Police department in order to effect the arrest. As a result, Sergeant DeFrancesco was informed and believed that Facilities Management staff telephoned plaintiff and requested that he respond to the UCLA campus to begin work on February 11, 2008, at 2:30 p.m., at the job site, which was an occupied building at 601 Westwood Plaza.

10. At about 2:00 p.m. or so on February 11, 2008, plaintiff arrived at the Facilities office at UCLA, and he was escorted to the old building where the police station had been.

11. Inside the building, Officers Behrens and Pak were in full uniform in a room adjacent to the front entrance.  In a second adjacent room, Detectives Arsena and Gentilucci were present as backup. When plaintiff entered the building through the front lobby, Sergeant DeFrancesco recognized him from a California DMV photo he had pulled.

12. As plaintiff entered the hallway, Officers Behrens and Pak exited the room nearby and conducted a felony stop on him.  Officer Pak instructed plaintiff to put his hands on his head, kneel on the ground, and then lay face down on the ground.  Plaintiff complied with these requests, and Officer Pak then handcuffed plaintiff and took him into custody without incident.

13. The officers helped plaintiff up from the floor and Officer Pak transported plaintiff to the UCLA police department for booking. Officer Pak booked plaintiff as a felony fugitive pursuant to Penal Code section 1551.

14. Officer Pak then brought plaintiff to the Los Angeles County Sheriff's Department West Hollywood station, and then to the Men's County Jail.

15. Plaintiff was in the custody of the Los Angeles County Sheriff's Department from February 8, 2008, until his release on February 22, 2008.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action, pursuant to 28 United States Code sections 1331(a) and 1343.

2. Defendant R. DeFrancesco acted under color of law as an employee of the University of California Los Angeles Police Department, operated by the Regents of the University of California.

3. Based on the findings of fact, this Court finds as a matter of law that there was probable cause to arrest plaintiff based on the information available to Sergeant DeFrancesco, judged on an objective standard of whether a reasonable officer would believe plaintiff was the Ramiro Garcia named in the arrest warrant based on the same name and date of birth, and a similar physical description.  The officer's determination of probable cause is based on the totality of circumstances known at the time, without the benefit of hindsight.

4. This Court further finds that because there was probable cause to arrest plaintiff, the negligence claim against Sergeant DeFrancesco, and the supervisory negligence claim against The Regents of the University of California, also must fail as a matter of law.

5. This Court does not reach the issue of Sergeant DeFrancesco's qualified immunity to liability, because there was probable cause to arrest plaintiff and therefore there was no Fourth or Fourteenth Amendment violation.

6. Judgment shall be entered in Defendants' favor consistent herewith, costs to be awarded according to proof.

Dated:  September 27, 2010.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE